# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EVELYN M. INKMANN,

        Plaintiff,

        -vs-

**Case No. 07-C-164**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

# DECISION AND ORDER

The plaintiff, Evelyn Inkmann ("Inkmann"), requests judicial review of the Commissioner of Social Security's final determination denying Inkmann's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Inkmann had the residual functional capacity ("RFC") to perform light, unskilled work that involved only occasional stooping and crouching. Tr. 15-20. Accordingly, the ALJ found that Inkmann could perform her past work as a receptionist and that she was not disabled under the Act.

The Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d

431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision is not supported by substantial evidence or is based on legal error. *Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

Inkmann was born in 1942. She claims disability due to depression, arthritis, and fibromyalgia. Inkmann worked as a nurse's aide in a nursing home from 1987 to 1995 and as a clerical aide/receptionist in a retirement home from 1995 to April of 2002. She stopped working in 2002 when she found she could no longer perform work as a receptionist due to her inability to concentrate or to handle the stress or pain.

First, Inkmann argues that the ALJ failed to consider and assess the effect of her mental impairments on her RFC. Inkmann cites the psychiatric evaluation of Mary Nunchuck, who diagnosed plaintiff as suffering from major depression and a cognitive disorder with possible early stage Alzheimer's disease. However, as the ALJ noted, Dr. Nunchuck's opinion was an outlier. Tr. 18. None of the other treating physicians diagnosed such a severe cognitive disability. Tr. 158, 230. Further, Dr. Nunchuck contradicted her own strong statements on cognitive disability by stating that Inkmann was a "reliable historian." Tr. 185.

Second, Inkmann challenges the ALJ's conclusion that she has the RFC to perform unskilled light exertional work that involves occasional stooping and crouching. Inkmann cites the February 2006 opinion of Rakhshinda Almas, M.D., who opined that Inkmann was limited to sedentary work. Tr. 280-83. However, the ALJ observed that other treating physicians did not document such remarkable clinical findings. Tr. 18, 197-99, 254-60, 264-

70. Also, Inkmann engaged in a wide variety of activities (including light housework, cooking, laundry, exercise, shopping, and caring for her incapacitated ex-husband) that supported the ALJ's RFC findings. Tr. 18, 70-73, 190, 299.

Third, Inkmann argues that the ALJ abused her discretion by discounting Inkmann's testimony about the intensity and persistence of her pain symptoms and cognitive difficulties. However, as the preceding discussion demonstrates, the ALJ clearly articulated her reasons for discrediting the plaintiff's claims of disability. *See Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994) (since ALJ is in the best position to observe witnesses, the court usually does not upset credibility determinations on appeal so long as they find support in the record and are not patently wrong).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Commissioner's decision is **AFFIRMED**; and

2. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**